**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X   Case No. 20-cv-01132

LUIS VENTURA,

                                    Plaintiff,

                                                                                  **CLASS ACTION**
   -against-                                                       **COMPLAINT**

REAL TIME RESOLUTIONS, INC.,

                                    Defendant.
----------------------------------------------------------------------X

        Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted promissory note originally owned by Countrywide Home Loans, Inc. ("Countrywide") and allegedly subsequently acquired by defendant for the purpose of collection, and whose balance was incurred for personal, family or household purposes.

7. At all times material herein, defendant was a debt collector within the meaning of 15 U.S.C. § 1692a(6).

8. At all times material herein, the principal purpose of defendant's business was the collection of defaulted consumer debts.

9. At all times material herein, defendant used the mails in its business the principal purpose of which was the collection of defaulted consumer debts.

10. Upon information and belief, defendant is a foreign business corporation incorporated in Texas.

## FACTUAL ALLEGATIONS

11. Plaintiff re-alleges paragraphs 1-10 as if fully re-stated herein.

12. In or around January 2006 plaintiff allegedly obtained a loan in the sum of $28,999.40 from Countrywide for the purchase of a house.

13. To secure the note for the loan, plaintiff executed a mortgage on the residence in favor of Countrywide.

14. On information and belief, under the loan Countrywide required plaintiff to make the first monthly payment in or around February 2006.

15. Defendant alleged that plaintiff stopped making payments on the loan no later than October 2007.

16. Defendant alleged that the loan had fallen into default by November 2007.

17. Subsequent to the default, defendant obtained plaintiff's loan.

18. Defendant alleged it obtained plaintiff's loan in or around November 2009.

19. Defendant obtained plaintiff's loan for the purpose of collection.

20. Defendant was the servicer of plaintiff's loan.

21. Defendant alleged that plaintiff's loan was in default.

22. Defendant obtained plaintiff's loan after the loan had fallen into default.

23. At the time defendant obtained plaintiff's loan, the loan was in default.

24. Defendant did not report plaintiff's loan to any credit bureau within the three-year period immediately preceding the commencement of this action.

25. Defendant has never reported plaintiff's loan to any credit bureau.

26. Defendant did not report late payments, missed payments or other defaults on plaintiff's loan to any credit bureau within the three-year period immediately preceding the commencement of this action.

27. Defendant has never reported late payments, missed payments or other defaults on plaintiff's loan to any credit bureau.

28. Defendant sent to plaintiff a collection notice dated February 28, 2019 on plaintiff's account.

29. By the notice, defendant sought to collect the mortgage loan.

30. In the aforesaid notice, defendant stated in pertinent part:

> "**Protect your credit** - We may report information about your account to the credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report."

31. Defendant mailed the notice to plaintiff within the one-year period immediately preceding the commencement of this action.

32. Plaintiff received defendant's notice within the one-year period immediately preceding the commencement of this action.

33. At the time defendant mailed the notice to plaintiff, more than eleven years had elapsed since the date plaintiff last paid the loan.

34. Defendant sent a notice concerning plaintiff's account which contained a substantially identical statement each month for at least the one-year period immediately preceding February 2019.

35. Defendant's said statement in its notice that defendant may report information about plaintiff's account to the credit bureaus caused plaintiff to suffer emotional distress, stress, fright, fear for his credit rating, irritation, confusion and agitation.

AS AND FOR A FIRST CAUSE OF ACTION

*False, deceptive and misleading statements that defendant*
*may report plaintiff's account to credit bureaus–no intent*

15 U.S.C. §§ 1692e and 1692e(5)

36. Plaintiff re-alleges paragraphs 1-35 as if fully re-stated herein.

37. Pursuant to the federal Fair Credit Reporting Act ("FCRA"), l5 U.S.C. § 1681 *et seq.* defendant was prohibited from reporting negative information on plaintiff's account to any credit bureau any time after, at latest, May 2015.

38. Pursuant to the FCRA, plaintiff's account was obsolete, having been in default for more than seven and one-half years as of February 2019.

39. Defendant did not report plaintiff's loan to any credit bureau within the three-year period immediately preceding the commencement of this action.

40. Defendant has never reported plaintiff's loan to any credit bureau.

41. Defendant did not report late payments, missed payments or other defaults on plaintiff's loan to any credit bureau within the three-year period immediately preceding the commencement of this action.

42. Defendant has never reported late payments, missed payments or other defaults on plaintiff's loan to any credit bureau.

43. On February 28, 2019, defendant did not intend to report plaintiff's account to any credit bureau.

44. On February 28, 2019, defendant did not intend to report late payments, missed payments, or other defaults on plaintiff's account to any credit bureau.

45. Defendant's above-quoted statement in its said collection notice that defendant may report plaintiff's account to the credit bureaus was false.

46. Defendant's above-quoted statement in its said collection notice that defendant may report plaintiff's account to the credit bureaus was deceptive and misleading.

47. Defendant's said statement was false, deceptive and misleading because the statement would cause and did cause plaintiff to believe that defendant intended to report the account to the credit bureaus, when defendant did not so intend.

48. Defendant's said statement would cause and did cause plaintiff mistakenly to fear that his credit rating would be lowered because of defendant's negative reporting of the account to the credit bureaus.

49. Defendant's said statement was deceptive and misleading because the statement would cause the least sophisticated consumer to believe that defendant intended to report the account to the credit bureaus, when defendant did not so intend.

50. Defendant's said statement would cause the least sophisticated consumer mistakenly to fear that her credit rating would be lowered because of defendant's negative reporting of the account to the credit bureaus.

51. Defendant's above-quoted statement was a false, deceptive and misleading representation made by defendant in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

52. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

## CLASS ALLEGATIONS

53. Plaintiff re-alleges paragraphs 1-52 as if fully re-stated herein.

54. This action is brought on behalf of plaintiff and the members of a class and subclass. The class consists of all persons who defendant's records reflect were sent debt collection notices within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection notice (a) in substantially the same form relevant hereto as defendant's notice dated February 28, 2019; (b) the collection notice was sent to a consumer seeking payment of a consumer debt; (c) the collection notice was not returned by the postal service as undeliverable; and (d) the collection notice concerned an account which was beyond the statute of limitations to be reported to the credit bureaus but nevertheless contained a statement that defendant may report information about the account to credit bureaus. The class does not include defendant or persons who are officers, directors or employees of defendant.

55. The class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a notice in an attempt to collect a consumer account which was beyond the statute of limitations to be reported to the credit bureaus, but which notice stated, in sum or substance, that defendant may report information about the account to credit bureaus, during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which notice was not returned by the postal service as undeliverable.*

56. The subclass consists of all persons who defendant's records reflect were sent debt collection notices within the geographical limits of the Eastern District of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection notice (a) in substantially the same form relevant hereto as defendant's notice dated February 28, 2019; (b) the collection notice was sent to a consumer seeking payment of a consumer debt; (c) the collection notice was not returned by the postal service as undeliverable; and (d) the collection notice concerned an account which was beyond the statute of limitations to be reported to the credit bureaus but nevertheless contained a statement that defendant may report or provide information about the account to credit bureaus. The subclass does not include defendant or persons who are officers, directors or employees of defendant.

57. The subclass shall be defined as follows:

*All natural persons with addresses within the geographical limits of the Eastern District of New York to whom defendant sent a notice in an attempt to collect a consumer account which was beyond the statute of limitations to be reported to the credit bureaus, but which notice stated, in sum or substance, that defendant may report information about the account to credit bureaus, during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which notice was not returned by the postal service as undeliverable.*

58. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection notice that is the gravamen of this litigation is a mass-mailed form notice, the class and subclass are so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection notices from defendant which violate the various provisions of law.

(B) There are questions of law and fact common to the class and subclass and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the law by including the statement that defendant may report information about the account to credit bureaus in collection notices concerning debts which were beyond the statute of limitations to be reported to the credit bureaus.

(C) The only individual issue is the identification of the consumers who received the notices (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class and subclass.

59. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class and subclass are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class and subclass would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61. As a result of the above violations, defendant is liable to plaintiff and the members of the class and subclass for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(f) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
February 28, 2020.

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com